IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| AMERICAN STRATEGIC INSURANCE CORP., <br>     Plaintiff, <br><br> v. <br><br> ROBERT COVINGTON, *et al.*, <br>     Defendants. | Civil Action No. 3:24CV705 (RCY) |

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff American Strategic Insurance Corporation's ("ASIC" or "Plaintiff") Motion for Default Judgment Against Robert Covington, ECF No. 16. Defendant Robert Covington—having never appeared in the case—did not file a response to Plaintiff's Motion, and the deadline to respond has now passed. For the reasons stated below, Plaintiff's Motion for Default Judgment will be granted.

### I. BACKGROUND

**A. Procedural History**

ASIC filed the underlying Complaint on October 7, 2024, in which it asks the Court to declare its insurance contract with Defendant Robert Covington void *ab initio*. Compl. ¶¶ 35, 40–42, ECF No. 1. Defendant Jefferson Hamilton was personally served on October 10, 2024. Proof of Service, ECF No. 8. Personal service was unsuccessfully attempted upon Defendant Robert Covington five times before posted service was made on October 17, 2024, on Defendant Covington's front door. Proof of Service, ECF No. 9. Defendant Hamilton filed his Answer on October 30, 2024. Answer, ECF No. 10. On November 26, 2024, Plaintiff filed a Certificate of Mailing confirming that it sent a copy of the Summons and Complaint to Defendant Covington by Certified Mail that same day. Certificate of Mailing, ECF No. 11. Plaintiff filed a Request for Entry of Default as to Defendant

Covington on December 23, 2024.  Req. Entry Default, ECF No. 12.  On December 30, 2024, the Clerk entered default as to Defendant Covington.  Entry Default, ECF No. 13.  On January 28, 2025, Plaintiff filed the instant Motion for Default Judgement against Defendant Covington as well as a Memorandum in Support thereof.  Mot. Default J., ECF No. 16; Mem. Supp. Mot. Default J. ("Mem. Supp."), ECF No. 17.  No response or objection to Plaintiff's Motion was filed.

**B. Factual Background**

Upon an entry of default, all allegations in the Complaint are deemed admitted. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003); *see also Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998).  As such, the Court has determined that the following narrative represents the factual basis for Plaintiff's Motion.

On November 6, 2023, Defendant Covington prepared an application for a homeowners' insurance policy with ASIC (the "Application").  Compl. ¶ 7.  The Application asked whether Defendant Covington "own[ed] a dog or [kept one] at the insured location" and whether Defendant Covington owned or kept at the insured location "[a]ny saddle, hoofed, exotic animal, animal with a bite history or ineligible breed of dog or mix thereof."  *Id*. ¶¶ 8, 10.  Defendant Covington answered both questions in the negative.  *Id*. ¶¶ 8–11.  Notwithstanding his response, Defendant Covington did, in fact, own and keep a dog with a bite history at the insured location.  *Id*. ¶¶ 9, 11.

Based on Defendant Covington's representations, ASIC issued policy number VAA201227 to Defendant Covington ("the Policy").  *Id*. ¶ 15.  The Policy included the following indemnity provision:

> If a claim or lawsuit is brought against [Defendant Covington] for damages because of "bodily injury" or "property damage" . . . [ASIC] will: (1) Pay up to [its] limit of liability for the damages for which an "insured" is legally liable; and (2) Provide a legal defense at [its] expense by counsel of [its] choice, even if the suit is groundless, false or fraudulent.

Compl. Ex. 3 at 19, ECF No. 1-3 [hereinafter Policy]. ASIC would not have issued the policy had it known that Defendant Covington did, in fact, keep a dog with a bite history on the premises. Compl. ¶ 21.

On August 15, 2024, Defendant Hamilton filed a civil action against Defendant Covington in the Circuit Court for the County of Henrico, Virginia. *Id.* ¶ 23. Therein, Defendant Hamilton alleged that he had sustained injuries "when he was attacked by [Defendant] Covington's dog"—an American Bulldog with a known bite history—and claimed damages in the amount of $11,200,000. *Id.* ¶¶ 23–24; Compl. Ex. 4 at 4, ECF No. 1-4.

Notably, pursuant to the Policy's indemnity provision, ASIC is currently defending Defendant Covington in the state action against Defendant Hamilton. Compl. ¶ 31. ASIC seeks a declaration that Defendant Covington's misrepresentations render the insurance policy void, such that it need not comply with the requirements of the indemnity provision. *Id.* ¶¶ 33–38.[1]

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs default judgment. Default must be entered by the clerk "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After an entry of default, the plaintiff can apply to the clerk for an entry of default judgement if the claim is for a "sum certain or a sum that can be made certain by computation." *See* Fed. R. Civ. P. 55(b)(1). When the relief requested is not for an ascertainable sum, the plaintiff must apply to the court for an award of a default judgment. *See* Fed. R. Civ. P 55(b)(2). "A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether

---

[1] In the alternative, ASIC seeks a declaration that Defendant Covington did not comply with the requirements of the Policy, such that it is released from the indemnity provision. Compl. ¶¶ 39–42. As described *infra*, the Court will grant ASIC's Motion for Default Judgment in accordance with its primary request for relief. Thus, the Court does not reach its alternate request.

the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right." *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009).

"Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim." *GlobalSantaFe Corp.*, 250 F. Supp. 2d at 612 n.3; *see also Anderson*, 155 F.3d at 506. In this inquiry, a district court may not consider facts outside of the complaint. *See Selig v. Niagara Recovery Sols. Mgmt. Grp.*, 2020 U.S. Dist. LEXIS 132423, at *1 n.3 (E.D. Va. July 27, 2020) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).

### III. DISCUSSION

Plaintiff ASIC moves for default judgment against Defendant Covington. In support, ASIC argues that its Complaint states a claim against Covington and that it is entitled to the declaratory relief requested therein. *See generally* Mem. Supp., ECF No. 17. The Court agrees with ASIC and will grant the Motion for Default Judgment.

**A. Procedural Requirements**

As a preliminary matter, the Court finds that the procedural requirements of maintaining this suit in federal court are satisfied, to wit: the Court has subject matter jurisdiction over the controversy based on diversity of citizenship and more than $75,000 in controversy; the Court has personal jurisdiction over the Defendants based on Defendants' minimum contacts arising out of their residency in the forum; venue is proper because all Defendants are residents of Virginia, and Defendants were properly and timely served.[2] Proof of Service, ECF No. 8; Proof of Service, ECF No. 9. Finding it proper to do so, the Court proceeds with the default judgment analysis.

---

[2] Personal service upon Defendant Covington was attempted five times without success. Proof of Service, ECF No. 9. Thereafter, ASIC posted notice on Covington's front door, mailed a copy of the Summons and Complaint by certified mail, and filed a Proof of Service. Proof of Service, ECF No. 9; Certificate of Mailing, ECF No. 11. Such service is proper pursuant to Virginia Code Ann. § 8.01-296(b) and Federal Rule of Civil Procedure 4(e)(1). Va. Code. Ann. § 8.01-296(b) ("If the party to be served is not found at his usual place of abode . . . [service may be executed] by posting a copy of such process at the front door . . . of such place of abode, provided that not less than 10 days before

**B. Substantive Claims**

ASIC advances a declaratory judgment claim against Defendant Covington.[3]  Compl. ¶¶ 35, 40–41, ECF No. 1.  Specifically, ASIC asks the Court to declare that the Policy is void *ab initio* based on Defendant Covington's misrepresentations in the Application, in which he claimed that he did not keep a dog with a bite history at the insured location.  *Id*. ¶¶ 35–38.  As explained below, the Court finds that ASIC has adequately stated a claim against Defendant Covington.  Thus, the Court will grant the Motion for Default Judgment and declare that the Policy is void *ab initio*.

    1. Declaratory Judgment is Appropriate in this Case

The Declaratory Judgment Act permits district courts, "[i]n . . . case[s] of actual controversy within [their] jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  From this statutory language flows three elements, each of which must be satisfied in order for the Court to issue a declaratory judgment.  First, there must be an actual controversy between the parties. *Id*.  Second, the Court must have jurisdiction over the dispute.  *Id*.  Third and finally, the Court must determine, as a discretionary matter, whether declaratory judgment is appropriate in this particular case. *Id*.

As to the first element, the Court finds that there is an actual controversy between ASIC and Defendant Covington concerning ASIC's duty to defend and indemnify Defendant Covington in the underlying suit.  The Supreme Court has clarified that cases of "actual controversy" within the meaning of the Declaratory Judgment Act are the same as those "'[c]ases' and '[c]ontroversies' that

---

judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing."); Fed. R. Civ. P. 4(e)(1) (permitting service pursuant to "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located").

[3] *See supra* n.1.

are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Consequently, declaratory judgment actions are subject to the same Article III justiciability requirements as all other suits brought in federal court. *See id.*; *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013).

This Court has previously held that disputes regarding "what [i]s *presently* required under certain contractual language" constitute "actual controversies" within the meaning of the Act. *Summit Invs. II v. Sam's East, Inc.*, 2024 WL 1223541, at *7 (E.D. Va. March 21, 2024) (quoting *MedImmune, Inc.*, 549 U.S. at 127). Applying that rule to the facts at bar, there clearly exists a dispute as to ASIC's present duty to defend and indemnify Defendant Covington in the currently proceeding state court action. Compl. ¶¶ 34–35, 40–42. Thus, the Court easily finds that this matter presents a case of actual controversy, satisfying the first factor. *See* 28 U.S.C. § 2201(a).

The second element is also satisfied. The Court has already determined that it has subject matter jurisdiction over this case. *See supra* Part III(A). ASIC's Complaint seeks to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(l), which requires complete diversity between the parties and an amount in controversy greater than $75,000. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996). The amount in controversy is greater $75,000, as ASIC is seeking freedom from its duty to indemnify or defend Defendant Covington in the underlying suit, which alleges damages of $11,200,000, plus interest. Compl. Ex. 4 at 4, ECF No. 1-4. Further, there is complete diversity between the parties.[4] Compl. ¶¶ 4–6. Thus, the second element required of declaratory judgment matters is also satisfied. *See* 28 U.S.C. § 2201(a).

Finally, as to the third element, the Court concludes that declaratory judgment is appropriate given the particular circumstances of the case. As opposed to being an "absolute right [of] the

---

[4] Both Defendants reside in, and are citizens of, the Commonwealth of Virginia. Compl. ¶¶ 5, 6. ASIC is an insurance company organized under the laws of Indiana and maintains its principal place of business in Florida. *Id.* ¶ 4.

litigant," the Declaratory Judgment Act confers on district courts the discretion to "declare the rights and other legal relations of any interested party seeking such declaration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)); 28 U.S.C. § 2201(a). However, that discretion is cabined by the requirement that "[a] district court must have 'good reason' for declining to exercise its declaratory judgment jurisdiction." *See Volvo Contr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 584, 594 (4th Cir. 2004) (quoting *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994)).

The Fourth Circuit has held that district courts should hear a "declaratory judgment action when declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Id*. (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)). Conversely, this Court has held that declaratory judgment is inappropriate where the plaintiff "seek[s] to remedy past behavior rather than prevent future harm," or where a declaration would render "essentially identical relief" as another claim in the complaint. *Summit Invs. II*, 2024 WL 1223541, at *13 (internal citation omitted).

The Court finds no good reason to decline to grant declaratory judgment based on the facts and circumstances in the instant case. As identified by Professors Wright and Miller, declaratory judgment is particularly appropriate where it is needed to determine "whether an [incident] is covered by a policy and whether the insurer is thus obligated to defend a tort action against its insured." Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2760 (4th ed. 2024); *see also Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 89 (2d Cir. 2023) (finding that declaratory judgment as to the obligations of the insurer to the insured is appropriate even when there is only a "practical likelihood" that the insured will be sued). As captured by that reasoning,

declaratory judgment in this matter would serve the useful purpose of settling the legal relationship between insurer and insured for purposes of the currently pending state court suit.

Moreover, the Court finds that declaratory judgment is particularly needed in the instant case. First, the Complaint seeks to prevent future harm, rather than remedy past behavior, since it requests a clarification of ASIC's duty to continue to defend and to potentially indemnify Defendant Covington against a future verdict in the presently proceeding state action. Compl. ¶¶ 35, 40–42. Additionally, a declaration pursuant to ASIC's request would not render relief identical to that otherwise requested in the Complaint since the Complaint does not seek any relief outside of the Declaratory Judgment Act.[5] *Id.* ¶¶ 33–42.

Because declaratory judgment would be helpful to clarify the rights and obligations of a present controversy that implicates future harm, declaratory judgment is appropriate.

### 2. The Policy is Void *Ab Initio*

ASIC argues that the Insurance Policy is void *ab initio*. Specifically, ASIC asserts that Defendant Covington materially misrepresented the risk associated with his application for insurance, thereby nullifying the coverage issued by ASIC. Compl. ¶¶ 19, 21, 34–35. The Court agrees and will declare the Policy void.

The Insurance Policy is governed by the law of Virginia.[6] Policy at 19. And, in Virginia, "[i]nsurers may void the entire policy . . . if, whether before or after a loss, the insured has willfully

---

[5] As noted *supra* n.1., while ASIC advances two distinct claims pursuant to the Declaratory Judgment Act, Count Two is only advanced in the alternative to Count One. Compl. ¶¶ 33–42. Thus, granting the relief requested in one such claim will not render duplicative relief to the other.

[6] A federal court sitting in diversity "must apply the substantive law of the forum state including its choice of law rules." *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Virginia is the forum state, rendering Virginia's choice-of-law rules applicable. Virginia "adheres to traditional conflict-of-law rules, when presented with a choice-of-law question." *Hatfill v. N.Y. Times Co.*, 459 F. Supp. 2d 462, 465 (E.D. Va. 2006). In this case, the contract contains a choice of law provision— typically honored by Virginia courts—providing that the Policy shall be governed by Virginia law. Policy at 19; *see Acken v. Kroger Co.*, 58 F. Supp. 3d 620, 626 n.6 (E.D. Va. 2014) (citing *Thornhill v. Donnkenny, Inc.*, 823 F.2d 782, 786 (4th Cir. 1987)); *see, e.g., Route Triple Seven Ltd. P'ship v. Total Hockey, Inc.*, 127 F. Supp. 607, 612 n.3 (E.D. Va. 2015).

concealed or misrepresented any material fact or circumstance concerning the insurance or the interest of the insured in the insurance." 14 Va. Admin. Code § 5-342-130 (2022); *accord Portillo v. Nationwide Mut. Fire Ins. Co.* 671 S.E.2d 153, 155 (Va. 2009) (holding an insurance policy void due to applicant's material misrepresentation). Thus, the Policy is so void if Defendant Covington misrepresented a material fact relating to its issuance. Finally, the Supreme Court of Virginia has uniformly held that misrepresentations in insurance applications are material when they bear on "the risk assumed" by the insurer. *State Farm Mut. Auto Ins. Co. v. Butler*, 125 S.E.2d 823, 825 (Va. 1962) (collecting cases).

In this case, Defendant Covington misrepresented the fact that he owns a dog, as well as the fact that said dog has a bite history. Compl. ¶¶ 7–11. This misrepresentation clearly bears on the risk assumed by ASIC in issuing the Policy, since "ASIC would not have issued the ASIC Policy had Mr. Covington disclosed the truth[]." *Id.* ¶ 21. Thus, Defendant Covington's misrepresentations were material.

Because Defendant Covington materially misrepresented the risk associated with the Policy, Virginia law renders the Policy void. *E.g.*, *Portillo*, 671 S.E.2d at 155. The Court will accordingly grant the Motion and render a declaratory judgment to that effect.

## IV. CONCLUSION

The Court concludes that Plaintiff ASIC has adequately stated its claim against Defendant Covington, and the requirements for entry of a default judgment are otherwise satisfied. Thus, the Court will grant the Motion for Default Judgment. An appropriate order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: July 7, 2025
Richmond, Virginia

9